We'll hear argument now in the case of Stepp v. Covance. Ms. Goyen. Thank you, and may it please the court, my name is Lucia Goyen, and I'm here on behalf of the plaintiff appellant, Mr. Damon Stepp. Mr. Stepp appeals the district court's judgment on his retaliation claims under Title VII and Section 1981 because the district court did not properly consider the merits of those claims. Mr. Stepp explicitly states in the first paragraph of his second amended complaint, quote, defendant subjected him to discriminatory and retaliatory employment actions after he engaged in protected activities, and defendant also discriminated against plaintiff by terminating his employment and refusing to hire him on as a permanent full-time employee because he filed retaliation and harassment complaints. Notwithstanding this clear language, Covance argued and the district court accepted that Mr. Stepp had not raised this failure to promote claim to the district court. This is reversible error. Covance argues that this language is difficult to find or buried in Mr. Stepp's brief, but the language that I read from is in the first paragraph of his second amended complaint. Mr. Stepp also discussed the claim in his initial complaint, in his first amended complaint, and in his response to Covance's motion for summary judgment. Had the district court properly addressed the merits of Mr. Stepp's claim that he wasn't promoted, summary judgment wouldn't have been proper because there's still genuine issues of material fact with respect to that claim. First, Mr. Stepp should have been promoted within the first few months of his employment with Covance, and he wasn't because he engaged in protected activity. Mr. Stepp was hired on December 7, 2015, and filed three internal discrimination and harassment complaints with Covance within the first few months of his employment. Unsatisfied with Covance's response, he went on to file three EEOC claims in July and September of the following year. It's undisputed that at the time that he was hired, he was told by a supervisor that temporary employees were hired on a permanent basis after about four to six months of their employment, depending on attitude, performance, and attendance. It's also undisputed that Mr. Stepp's performance evaluations during his tenure at Covance were positive, and the district court found that Mr. Stepp was meeting Covance's legitimate job expectations. But Mr. Stepp was not promoted during his first 11 months at Covance. In fact, other employees were promoted on during this time, within three to nine months of starting their temporary employment with Covance, but by 11 months in, Mr. Stepp still hadn't been promoted. In addition, after 11 months of working at Covance, Mr. Stepp was told by Supervisor Ball that he wasn't being hired because of a complaint filed in retaliation against him by a workflow lead, Mr. David Castile. When Mr. Stepp asked her if the retaliatory complaint was the reason that he hadn't been promoted, he said, sorry, she said, yes. The district court failed to consider this admission and dismissed it in a footnote as inadmissible hearsay. But this statement is non-hearsay under federal rule of evidence 801D2D. It was made by Covance, offered against Covance, and it concerns a matter within the scope of Ms. Ball's employment. What's the record show, Ms. Goyne, about the level of information Mr. Castile had about Mr. Stepp's previous complaints? The evidence that establishes that Mr. Castile knew is undisputed. Covance doesn't offer any evidence in support of the fact that he didn't. Mr. Stepp stated in the first September EEOC charge that he had made confidential reports of discrimination to Mr. Castile, directly establishing that he had. In his deposition, he reiterates this, saying, I have to say with certainty that I told Mr. Castile I would file a complaint with an external agency. And Mr. Stepp informed Covance that the job assignments that he was receiving from Mr. Castile, Mr. Castile was responsible for his work assignments, had improved after he had complained about Mr. Castile's discriminatory bias, but that Mr. Castile's behavior toward him had worsened. And the only evidence, as I said, that Covance offers to dispute this is an affidavit by somebody in Human Resources saying that Covance just didn't affirmatively tell Covance that these complaints were being filed. Ms. Ball's statement then establishes that Covance didn't promote Mr. Stepp because of Mr. Castile's complaint. And a reasonable jury could find that Mr. Castile filed the complaint for a retaliatory reason because of its frivolous nature. Mr. Castile complained only that Mr. Stepp shook his head and said, uh-oh, when Mr. Castile walked by him, or sorry, when Mr. Stepp walked past him. And Mr. Castile had reason to retaliate against Mr. Stepp. Mr. Stepp's first September EEOC charge made specific allegations of bias against Mr. Castile, and his second EEOC charge alleged that Mr. Castile had retaliated against him in connection with job assignments. He had also named Mr. Castile in various internal emails to Ms. Ball and other people in Human Resources, complaining about Mr. Castile's alleged bias. Is Mr. Stepp's claim here really a cat's paw argument? Or is it that Ms. Ball was part of a Covance agreement not to make Mr. Stepp a permanent employee? Mr. Stepp, the claim that we're talking about here, Mr. Stepp's second failure to promote claim is based on a cat's paw theory of liability. So, Mr. Castile filed this retaliatory complaint, and then we know that Covance management relied on that complaint because of Ms. Ball's admission. When asked, did you rely on this retaliatory complaint in dismissing me, she said, yes. Was Mr. Castile deposed? I don't believe he was deposed. I think he submitted an affidavit. And how about Ms. Ball? Ms. Ball also submitted an affidavit. Not deposed? No, I don't think so. Thank you. If she was, that wasn't in the record. Importantly, Covance never offered a non-retaliatory reason for why Mr. Stepp wasn't promoted during this period. Covance says that temporary employees are promoted only as business needs dictate, but this doesn't explain why Mr. Stepp wasn't promoted when other employees were. There still remain genuine issues of material fact with respect to Mr. Stepp's third claim, that he was terminated five weeks early in retaliation for filing protected complaints. Toward the end of Mr. Stepp's employment, Covance instituted a hiring freeze, granted Mr. Stepp a 90-day extension to kind of get through the holidays, and then shortened that extension abruptly and terminated his employment in February of 2017. Only 17 days after he was terminated, Covance turned around and hired another employee who shared Mr. Stepp's job title and responsibilities. She worked in the same department and terminated Mr. Stepp. These facts taken together seem fishy. Covance held on to Mr. Stepp longer than it held on to any other employee that it hired around the same time, and it terminated him only two weeks after hiring someone else with less seniority. Unlike Mr. Stepp's other claim, Covance offered a non-retaliatory reason for why it terminated Mr. Stepp, a reason that was relied upon by the district court. According to an affidavit submitted by a senior human resources partner, some members of management told Mr. Grubb that the extension awarded to Mr. Stepp was too long and unnecessary now that the holidays had passed. This statement was relied upon by the district court as a non-retaliatory reason, but it's hearsay. It's a reason offered by management, transmitted by Mr. Grubb, and Covance wants to rely on the statement for its truth. It's not, as Covance states, offered for its effect on Grubb. The effect of the statement on Mr. Grubb is irrelevant. If there are no further questions, I'd like to reserve the rest of my time for rebuttal. Mm-hmm. Attorney. Mr. Pill. Thank you, Your Honor. May it please the court. Jason Pill on behalf of Covance. Despite Mr. Stepp's argument and the minutia of the briefing, Covance submits that this court can swiftly dismiss Mr. Stepp's appeal and affirm Judge Barker's ruling on procedural grounds alone because Mr. Stepp's appeal relies on these two new theories of retaliation, the failure-to-hire theory we just heard about and the 90-day reduction theory. Well, counsel, the assumption of your brief and indeed of the district court's ruling is that complaints have to contain legal theories. They have to specify their legal theory. What's the basis of that assumption? Well, Your Honor, there's multiple assumptions to address. As a starting point, it's actually unclear whether the district court's assumption even went to these theories of retaliation. It's a little difficult to figure the district court out because the district judge said this has been waived and didn't explain why very much. Correct. But it seems clear to me that you are assuming that complaints have to narrate a legal theory. And my question is why, given the holdings of the Supreme Court and this court, that they need not do so. Your Honor, it's Covance's position that they must identify which particular claims are being asserted with which particular facts. No, they don't. The Fourth Circuit held that about three years ago and it got reversed nine to nothing. Yes, Your Honor. We are never anxious to repeat that kind of performance. Understandable, of course. It's Covance's further position, though, even if these claims were addressed in the complaint, they were either waived or forfeited in Mr. Stepp's own deposition when he provided specific testimony on the instances of retaliation which his claim was alleged. And during that particular passage, it's cited in the rule. A legal waiver in a deposition? It can also be a forfeiture, Your Honor. No, I don't understand. Depositions are not about law. And they don't waive things. You can make a factual statement at a deposition that sinks your case. That I get. But the contention that a legal claim can be waived or forfeited at a deposition would be wholly known. Well, I'm saying, Your Honor, in regards to identifying his specific claims of retaliation, he was asked what exactly he believes were the alleged incidents of retaliation. At some point, he needs to identify his claim as the Covance, excuse me, as the position that Covance takes. We went through that exercise. And that's done either by a motion for a more definite statement. I gather none was ever filed in this case. Correct, Your Honor. It's done either by a motion for a more definite statement or it's done in the briefing on a motion for summary judgment. Yes, Your Honor. It's not done in the complaint or at a deposition. I mean, this is just foundational law. Yes, Your Honor. And Covance submits that in its briefs where it addressed the retaliation claim, Mr. Stepp did not raise these arguments in his opposition to Covance's motion for summary judgment. There are no specific explanations. That I understand. That's a serious argument. But it's not what the district judge said. District judge said this was waived by not being identified as a legal theory in the complaint. And you're defending that. Yes, Your Honor. Well, moreover, Counsel, on the failure to promote claims. Yes, Your Honor. In his opposition to summary judgment, I believe he did say that. Didn't he say Covance failed to offer him a permanent position because of its reaction to his naming David Castile as the subject of his discrimination and retaliation complaints? Yes, Your Honor. It's Covance's position that this failure to offer him a permanent position was the hiring freeze, the singular action of... That's at the 90-day point, right? That's... But there was the question of whether he was not offered the permanent position before the freeze went into effect, right? And he's... Yes, Your Honor. And to that point, Mr. Stepp took the position that he was denied the permanent employment and terminated. We believe that is a singular action. The hiring freeze denied him the permanent employment and resulted in his termination. And I think part of the misunderstanding from the briefing is that Mr. Stepp assumes that these promotions into a permanent position are automatic or a matter of right. They cite certain time periods that elapse. It's a matter of the positions becoming available. As noted in the brief, it's when the business needs dictate that a position becomes available. Sounds to me like that's a question of fact. You could argue to the jury. Your Honor, I believe it's a matter of understanding whether these are automatic positions or not. Mr. Stepp is assuming he was entitled to this position, but there's no evidence of someone being selected over him for a particular position. The comparators that he identifies were individuals with more seniority than him, and specifically, Your Honor, to the retaliation claim, where he alleges that Mr. Castile's complaint in November of 2016 was the linchpin of the retaliation theory, this cat's paw theory. There's no evidence of any employees being offered permanent positions after that allegedly retaliatory complaint. It's irrelevant what happened before Mr. Castile's complaint because Mr. Stepp has made clear that the linchpin of the retaliation claim is Mr. Castile's complaint. Again, the cat's paw theory flowing from that. To that point, anything that happened beforehand should be irrelevant to his claim. We have to look at what happened in that time period after Mr. Castile's allegedly retaliatory report in early November, and then a few days later when the hiring freeze actually went into effect. The first termination as a result of the hiring freeze was November 7, 2016, but there's no evidence in the record of any temporary employees being promoted at that time. So, temporarily, Mr. Stepp's claim is exceedingly narrow when we talk about the failure to hire because it has to be based on Mr. Castile's allegation. That's what he says in footnote 9 of his brief. He says that Mr. Castile's biased complaint was the reason that Covance and I made Mr. Stepp a permanent position prior to and after the hiring freeze. And this also presupposes that Mr. Castile's complaint was both false and retaliatory. As we've submitted in the briefs, we do not believe there is sufficient evidence to establish that Mr. Castile's report was false. Mr. Stepp admitted engaging in the misconducted issue. Mr. Stepp admitted that he continued to engage in the misconducted issue after Covance spoke with him. And Mr. Stepp has no other comparators that also shook their head or smirked at Mr. Castile. He simply quarrels with Mr. Castile's interpretation, but Mr. Stepp never deposed Mr. Castile to refute these allegations. He never deposed Ms. Ball either. He's only relying on the absence of evidence to say that the fact must be true because Covance did not affirmatively dispute it when it first moved for summary judgment. But it's only if this Court finds that Mr. Castile's statement was false and made for retaliatory motives can Mr. Stepp even proceed to go any further into his retaliation claims. There must be that foundational showing of both the falsity and the falsity based on retaliatory motives. It's disputed whether Mr. Castile knew of the complaints, but even if he did, Mr. Stepp believes he told Mr. Castile in June 2016 that he would file a charge shortly thereafter. And he did. He filed one in July of 2016. Mr. Castile's retaliatory remarks, alleged retaliatory remarks, occurred in November 2016, four months later. This Court has held that a gap of six weeks of time can be too short to establish a temporal connection or a causal connection for a retaliation claim. Surely a gap of four months would be too long to infer retaliatory motives. So it's Covance's position that Mr. Stepp cannot even make the threshold showing that Mr. Castile acted with retaliatory motives, and that, of course, would defeat the rest of his claim. Everything is premised on this particular report being false and retaliatory. And, of course, that goes into his cat's paw theory from there. Also, I'd like to address a particular issue that came up that's certainly been addressed in the briefs and today, and that would be the hearsay statement by Linda Ball. This is a statement which Mr. Stepp relies on to show a retaliatory motive. Specifically, it is a statement that has been contested by the parties and addressed at the lower court. Judge Barker ruled that the statement was inadmissible hearsay, citing the lack of any evidence that Ms. Ball was involved in the decision-making process to deny Mr. Stepp permanent employment. Is the lens through which we view that evidentiary determination that narrow? It could only be if Ms. Ball is in this position in making the determination whether or not Mr. Stepp is hired or fired? No, Your Honor. I would submit that it's a slightly larger lens through which that should be viewed. It's whether she was involved in the decision-making process. She need not be the ultimate decision-maker, but as laid out in Mikowski in simple cases cited by Mr. Stepp, there has to be evidence that the declarant had, quote, involvement in the process leading up to the employment action. And there's no evidence here that Ms. Ball was involved in any hiring or firing decisions regarding Mr. Stepp. There's no evidence that she was involved in the decision to deny him permanent employment. The statement in and of itself can't be used to establish that point under the rule of evidence 801D2. And so there is insufficient evidence in this record to overturn Judge Barker's ruling on that hearsay determination because there's a lack of evidence that Ms. Ball was involved in that decision-making process. So in conclusion, it's Covance's position that Judge Barker's ruling was appropriate even if there are procedural defects with her ruling. Covance still submits that substantial facts exist in the record to affirm the ruling and establish that Mr. Stepp cannot prove his prima facie case or refute Covance's legitimate business reasons. There's nothing further. Covance rests on its briefs. Thank you, Mr. Peril. Anything further, Ms. Goyne? I just want to come back to the District Court opinion and then just make two quick corrections in response to Mr. Peril's presentation. So as this court correctly pointed out, the basis of the District Court's opinion was that in the briefing, Mr. Stepp for the first time argues that Covance's failure to hire him into a permanent position was in retaliation and he failed to include that allegation in the complaint. That's the basis for the District Court's dismissal of his claims, which is false. As I discussed, the claim was thoroughly briefed in his second amended complaint. It was raised in the first amendment complaint. And in response to Covance's motion for summary judgment, he elaborated on the claim, attached 26 exhibits of evidence to support the claim. Two quick corrections. So we don't argue that Mr. Castile's statement supports why Mr. Stepp wasn't promoted within the first 11 months. We don't take that statement and look backwards and say this statement provides reason for why he wasn't promoted within the first 14 months. Mr. Stepp has two separate failure to promote claims. The first is he should have been promoted within the first four to six months of his employment and he wasn't, and that can be established based on the temporal proximity, the pattern of filing complaints, the fact that other comparators were promoted when he wasn't. And then the second failure to promote claim is within a narrow window of between when Mr. Castile made the statement and when Covance stopped hiring temporary employees, when they instituted the hiring freeze. That's two weeks, correct? Exactly, yes. Yeah, exactly. So Mr. Castile filed the complaint against him. Ms. Ball said this is the reason that you haven't been promoted because of this complaint. And then Covance stopped hiring temporary employees. But those are two separate distinct claims. We don't use Mr. Castile's statement to inform the first. And then the second correction that I'd like to make is that the scope of this court's case law on how involved somebody has to be for their statement to be admissible is a lot broader than I think Covance says it is. I mean, in simple, this court said that, you know, a subordinates account of the explanation regarding the hiring criteria and the like is admissible against the employer regardless of whether the declarant has any involvement in the challenged employment action. Ms. Ball doesn't have to be involved in the decision-making process. We never assert that she was. We just assert that the scope of her employment was human resources-related activities. She made a statement about Mr. Stepp's employment future at Covance, and that's well within that scope. Okay. If there's no further questions, we ask that this court remand and vacate the district court's finding on Mr. Stepp's retaliation claims. Thank you. Thank you very much, Ms. Cohen. We appreciate the willingness of the Legal Aid Clinic to accept the court's request that it represent Mr. Stepp. And we appreciate your assistance to your client as well as to the court. The case is taken under advisement.